IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**JAN 1 4 2005**

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

STEPHANIE BROCKMAN CRUTCHFIELD
and SANDRA PHILLIPS & FRANK PHILLIPS as
Natural Guardians and Next of Kin and on Behalf of
JEFFREY PHILLIPS, a Minor                                        PLAINTIFFS


V.                              NO. 4:02cv0074 GH


DILLARD'S, INC.                                                 DEFENDANT

---

# BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS

COMES NOW, Plaintiff by and through her counsels, Mays, Byrd & Associates, P.A., Cletus P. Ernster III, P.A. and Sweet & Freese, and states as follows:

The above-styled action was brought by the plaintiff named herein to seek redress of issues pursuant to 42 U.S.C. §1981, 42 U.S.C. §1982 and 42 U.S.C. §2000(a) et. seq. In the prosecution of her claim, plaintiff propounded certain discovery requests which defendant has objected to and has failed to answer. It is to resolve this impasse that this Motion is made.

## LEGAL BASIS FOR COMPELLING DISCOVERY

Rule 26 provides for discovery of any relevant evidence that will be admissible at trial or calculated to lead to admissible evidence.[1]  This is a very broad and liberally construed doctrine.

The United States Supreme Court has stated that:

The general scope of discovery is defined by Fed. Rule Civ. Proc. 26(b)(1) as follows:

> "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

The key phrase in this definition "relevant to the subject matter involved in the pending action" has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.  See, *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). [fn12] Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. *Id.* at 500-501.  Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits. [fn13]

Oppenheimer Fund, Inc. V. Sanders, 437 U.S. 340 at 350-351 (1978)

Relevancy is thus based upon the material of the lawsuit.  It is not only to discover evidence in support of pleadings, but to help define and clarify the issues.  It is not limited merely to the merits of the case as a variety of fact-oriented issues may arise during the pendency of litigation that are not

---

[1]Basically, there are only three grounds for refusing discovery: 1) Not logically relevant to the subject matter of the action; 2) The relevance is slight compared to the burden of production; and 3) Privilege. None of these rationales apply herein. See FRCP Rule 26. *Oppenhiemer Fund, Inc. vs. Sanders*, 437 U.S. 340 (1978).

strictly related to the merits.  Id. at 351.  See also In Re: Aircrash Disaster Near Roselawn, In, 172

FRD 295 (N.D. Ill. 1997)

Where there is any demonstrable possible relevance, production should be made.  Ceramic

Corp of America v. Inka Maritime Corporation, 163 FRD 584 (C.D. Cal. 1996) When there is a

doubt about relevance, the presumption is in favor of requiring production.  See Hall v. Harleysville

Ins Co., Inc.  164 FRD 406 (E.D. Penn. 1996).  Once logical relevance has been established, there

is no burden upon the propounding party to establish a prima facie case for discovery, but rather the

burden is upon the party opposing discovery to show that such opposition is warranted.[2]  See Leigh

v. Beverly Enterprises-Kansas, Inc. 164 FRD 55 (D.Kan 1996).  Mackey supra.

Since discovery requests are to be interpreted liberally encompassing any matter that

reasonably bears upon any issue, or any matter which may bring to light matters admissible, it is not

up to the propounder of the interrogatories or requests for production of documents to define the

specific relevancy of each interrogatory.  Schaat vs. Executive Industries, Inc., 130 FRD 384 (N.D.

ILL 1990); Oppenheimer Fund, Inc., et al. vs. Irving, et al., 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d

253 (1978).  Inadmissability is not grounds for an objection.  Oppenheimer Fund, Inc., supra.  All

that plaintiff is required to show is that the discovery requested bears upon the issues of the case.

Hofer vs. Mac Trucks, Inc., 981 F.2d 377 (8th Cir. 1992); Wacker vs. Dehl Company, 157 F.R.D.

58 (W.D. Mo. 1994).  Plaintiffs herein have shown the relevance of the materials requested in this

lawsuit.

---

[2]To prevail on pure relevancy grounds, the opponent of production must show that the
requested information is "wholly irrelevant".  Leighr supra.

For each of these reasons, defendant should be ordered to produce the requested discovery documents and information forthwith.

## **CONCLUSION**

For each of the above-stated reasons, Plaintiffs would pray that this Court grant the relief requested herein and for all other relief Plaintiffs may be entitled to pursuant to FRCP 37.

A. CERTIFICATE OF CONFERENCE WITH OPPOSING COUNSEL.

The undersigned counsel hereby states that pursuant to FRCP Rule 37(A)(2), (B), (D), and Local Rule C-7(g), the matters related hereinabove have been discussed both by conference and by correspondence with opposing counsel in good faith and the issues herein are incapable of resolution absent intervention by this Court.

Respectfully submitted,

Richard L. Mays #68036
Arkie Byrd #80020
MAYS, BYRD & ASSOCIATES, P.A.
415 Main Street
Little Rock, AR 72201
(501) 372-6303

AND

Cletus P. Ernster, III
CLETUS P. ERNSTER III, P.A.
440 Louisiana, Suite 1930
Houston, TX 77002
(713) 821-9433

AND

Dennis C. Sweet, III
SWEET & FREESE
200 South Lamar Street, Suite 410
North Tower
Jackson, MS 39201
(601) 964-8700

BY: _____
ARKIE BYRD   #80020

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I, ARKIE BYRD, hereby certify that a true copy of the foregoing document has been **mailed, postage prepaid** to Ms. Marie B. Miller, Attorney at Law, 425 W. Capitol Ave., Suite 3801, Little Rock, Arkansas 72201 on this ____ day January, 2005.

_____
ARKIE BYRD

F:\Donna Johnson\Arkie Byrd\Dillards\Crutchfield\Crutchfield Brf in Sup of Mtn to Compel.wpd; January 14, 2005 (3:34pm)