IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


STEPHANIE BROCKMAN CRUTCHFIELD                                          PLAINTIFF


v.                                    No. 4:02CV00074 GH


DILLARD'S, INC.                                                         DEFENDANT


**ORDER**

Pending before the Court are defendant's motions for protective order and motions to quash

deposition of apex corporate officers.  Responses, replies and, to some, sur-replies have been filed.

In addition, defendant has moved for a continuance of the August 22nd trial and for appointment of

a Magistrate Judge to assist the parties in resolving discovery issues.

On June 2nd, defendant filed a motion for protective order seeking to protect information

related to personnel, security and budgets for security from public dissemination and from use for

purposes unrelated to this lawsuit as being confidential business information.  Plaintiff responded

in opposition on June 15th arguing that secrecy would work an injustice, avoid accountability, the

trade secret objection waived and is not applicable, and the motion is untimely.

Defendant filed an amended motion for protective order on June 17th that the primary basis

for the motion is to protect the privacy of non-parties – including juveniles and adults –  whose

names, addresses, telephone numbers, photographs and other personal information appear as well

as the personnel records and budgetary information related to defendant's security operations.  It

continues that it is withdrawing from its application information that was previously produced, but

still seeks an order to protect the privacy of non-parties, personnel information and documents related to security operations budgets.  Defendant states that it is not claiming the information as trade secrets but rather confidential business information.  It specifies that its modified proposed protection order seeks protection of any and all documents related to store security that provide the identity and other personal information of non-parties with whom defendant's security personnel made contact; employee personnel files; and any and all documents pertaining to budget allocations for security operations.

Plaintiff's June 20th first supplemental response asserts that such an order isolates plaintiff giving defendant an unfair advantage, denies plaintiff an opportunity to verify the accuracy or completeness of the discovery responses, and will greatly increase the cost of discovery for other victims wanting to access this information.

On July 1st, defendant filed a reply that the narrow issue is whether documents related to incidents involving non-parties and certain security information should be protected.  It continues that plaintiff's motion to compel was granted without defendant having a chance to respond and the parties were admonished to work together to resolve discovery conflicts; outlining the communications the parties have had regarding discovery including difficulties related to locating certain witnesses which also demonstrates the timeliness of the motion; possible undue financial burden to unrelated persons is not an acceptable reason to deny relief; while acknowledging that whatever defendant produces has the potential to be used at trial, the motion is only seeking protection for the personal information of non-parties and security information will not be publically disseminated or used outside of trial.  Defendant suggests that the case be removed from the trial

docket and a Magistrate Judge be assigned to assist the parties in working through discovery issues so the case can get ready for trial.

Also that same date, plaintiff responded that defendant is changing its argument from trade secrets to privacy. She continues that this argument is even more untimely and the information sought has been previously produced in other cases without any protective order. In a July 19th sur-reply, plaintiff asserts that defendant has not produced the security records its own security personnel testified exist for the store where the incident occurred and Tom Osborn, the primary custodian of records for the Park Plaza store, kept a list of arrest and non-arrest incidents on his home computer and that defense counsel did not object if he would make those available to plaintiff's counsel.

The Court is persuaded that the relief requested in the amended motion for protective order is warranted regarding the privacy of non-parties, personnel information and documents related to security operations budgets. The Court, in weighing the need for privacy of non-parties and personnel information, believes that plaintiff will have the use of the information sought for trial in this case but such a limited protective order will afford those non-parties and personnel from having that private information disseminated to the public outside the scope of this trial. The Court also is persuaded that the limited information regarding security operations budgets is indeed confidential business information that should not be disseminated outside the scope of the trial here.

The Court now turns to the issue of whether plaintiff should be permitted to take the depositions of Alex Dillard, President of Dillard's and Mike Dillard, Executive Vice-President of defendant's Little Rock Division. Defendant, in a June 16th motion, has moved for a protective order and to quash notices of deposition regarding these apex corporate officers. It contends, based on their affidavits, that the Dilllards have no personal knowledge relevant to this case, their executive

duties do not include any responsibility for handling security or litigation matters, they have no involvement in the action brought here or any involvement in establishing or implementing the policies related to security operations, and plaintiff cannot show that their knowledge is unique or superior to that of other employees. Defendant argues that less intrusive methods, once a protective order is in place, would be defendant making available for deposition the general counsel and secretary to defendant, the manger and former risk mangers, the auditor, the District Manger and the store manger of the Park Plaza store.

On July 1st, plaintiff responded that Alex has lectured in a security video for all employees to view and follow; supervised counsel who drafted and/or revised security guidelines, polices and procedures; communicates directly with store mangers; and is the one family member to whom security issues, discrimination problems and complaints are reported whereas Mike is the supervisor of the executive training program which addressed security policies and procedures and to whom one could see about a job. She states that lower level executives have already been deposed elsewhere and have given evasive testimony and have deferred to the witnesses sought. Plaintiff continues that the family controls even the tiny details and Alex appeared in a video regarding inventory shortages due to theft and shortage prevention techniques.

Defendant filed a reply on July 13th that it has delegated the responsibility of security to the Office of General Counsel which executes the establishment and implementation of policies related to security in the 350 stores. It argues that because the deposition testimony taken in other cases did not yield a corporate policy of unlawful discrimination does not mean that plaintiff can depose the Dillards. Defendant contends that Alex was shown in a staged interview about general comments on shrinkage issues, but the video is not training or security policy and plaintiff has a copy of the

security policy and has taken deposition testimony that the Office of General Counsel establishes and implements security policy and that the Dillards do not have unique personal knowledge about them and so plaintiffs in other cases have been unsuccessful in being able to depose the Dillards.

On July 19th, plaintiff filed a response not opposing the supplementing of the motion with Alex Dillard's affidavit and also supplements her own response with the video.

Depositions of high level corporate executives have been barred when there is evidence that the executive has no personal knowledge of the events in dispute.  See, <u>Harris v. Computer Assoc. Int'l, Inc.</u>, 204 F.R.D. 44, 46 (E.D. N.Y. 2001).  The Court is not persuaded that either Alex or Mike Dillard has unique personal knowledge about this case or the establishment and implementation of the security policy.  Defendant has stated it would make the general counsel and secretary to defendant, the manger and former risk mangers, the auditor, the District Manger and the store manger of the Park Plaza store – witnesses that it has identified as having such unique personal knowledge regarding security policy – available for depositions.  The Court notes that the deposition excerpts in other cases relied upon by plaintiff occurred in 2002 and 2003 and that, if defendant is assuring the Court that these people would be the ones with knowledge of the subject matters sought, that they would not be evasive.  Therefore, the Court will grant the motion for protective order and to quash the notices of deposition for Alex and Mike Dillard on the current record.

The final motion ripe for decision is defendant's July 7th motion for continuance of the August 22nd trial on the ground that plaintiff has listed nearly 400 witness and 51 pages of exhibits without reducing the list so that only the plaintiff and three former security officers have been deposed and plaintiff has not provided any report of her designated expert.  It requests that the case

be continued and a Magistrate Judge be assigned to assist with discovery and that, even if the Court denied its motions, discovery could not be completed prior to the scheduled date.

On July 22nd, plaintiff responded that, because defendant has failed to comply with discovery, plaintiff was left with no alternative but to list all possible witnesses and recently narrowed it and that defendant should have complied with discovery rather than filing the motions for protective order. She contends that defendant seeks a Magistrate Judge to circumvent the scope of discovery based on pattern and practice. Plaintiff asks that the motion be denied or, in the alternative, that it be continued only on the condition that defendant fully comply with providing the witnesses and documents requested for plaintiff to proceed to trial.

Based on the current status of discovery and the identity of witnesses and exhibits, the Court agrees that the better course would be to remove the case from the trial calendar at this time. By this order, the Court has ruled on the discovery issues and will direct the parties once more to work in good faith towards completing discovery. The Court is not persuaded that a Magistrate Judge is needed at this juncture, but will reconsider if the parties get bogged down in completing discovery again. The case will be reset for trial at the earliest opportunity.

Accordingly, defendant's June 17th amended motion (#77) for protective order is granted thereby rendering the June 2nd motion (#71) for protective motion moot. Plaintiff's July 19th motion (#91) for extension of time to file response/sur-reply was rendered moot by the July 19th filing of the sur-reply and additional evidence. Defendant's June 16th motion (#75) for protective order and to quash is granted at this time. Defendant's July 1st motion (#80) to supplement motion for protective order and to quash is granted. Defendant's July 7th motion (#87) for continuance is granted. A separate scheduling order will be promptly issued.

IT IS SO ORDERED this 9th day of August, 2005.

UNITED STATES DISTRICT JUDGE